United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANURAG TIWARI, | No. C-08-3988 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF'S ALTERNATIVE MOTION FOR CLARIFICATION** |
| NBC UNIVERSAL, INC., | |
| Defendant. | |
| _____/ | **(Docket No. 113)** |

    Previously, the Court issued an order in which it, *inter alia*, granted in part and denied in part Defendant NBC Universal, Inc.'s motion to strike. Plaintiff Anurag Tiwari has now filed a motion for leave to file a motion for reconsideration or, in the alternative, for clarification of that order. Having considered the papers submitted, the Court hereby **DENIES** Mr. Tiwari's motion for leave to file a motion for reconsideration but **GRANTS** his alternative motion for clarification.

    The Court addresses first the motion for leave to file a motion for reconsideration. To obtain leave to file a motion for reconsideration, a party must show that one of the requirements of Civil Local Rule 7-9(b) has been met. Here, Mr. Tiwari invokes the last requirement – *i.e.*, "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). The problem for Mr. Tiwari is that he has not demonstrated that his legal argument (based on *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004)) was presented to the Court before entry of its

1 order. Indeed, his opposition to the motion to strike does not cite *Verizon* nor make an argument
2 comparable to the one presented here.

3 As for the alternative motion for relief, Mr. Tiwari asks that the Court clarify whether it
4 intended to give him an opportunity to amend. Although not entirely clear from his papers, it
5 appears that the amendment Mr. Tiwari seeks is a repleading of his third amended complaint, except
6 that he would omit the claim for defamation and supporting factual allegations. Mr. Tiwari does not
7 appear to be asking for an opportunity to plead a new claim for defamation based on new factual
8 allegations – implicitly acknowledging the futility of repleading the defamation claim based on the
9 October 2010 epilogue.

10 Construing the motion for relief as such, the Court grants the motion to the extent that it now
11 clarifies that it did *not* intend to give Mr. Tiwari an opportunity to amend the complaint to omit the
12 defamation claim. But to the extent Mr. Tiwari argues that he should have been given an
13 opportunity to amend in that fashion, the Court disagrees. The authority Mr. Tiwari cites is
14 materially distinguishable. In *Verizon*, for example, the district court allowed the plaintiff to file an
15 amended complaint *before* ruling on the defendant's motion to strike the original complaint. *See id.*
16 at 1092. Similarly, in *Echostar Satellite, LLC v. ViewTech, Inc.*, No. 07-cv-1273 W (AJB), 2009
17 U.S. Dist. LEXIS 50487 (S.D. Cal. May 27, 2009), the plaintiff had filed a motion to strike, but,
18 before the court could rule on that motion, the parties filed a joint motion for an order granting the
19 defendant leave to file an amended counterclaim that would no longer include the challenged claims.
20 The joint motion was granted, thus mooting out the plaintiff's motion to strike. *See id.* at *4. In
21 short, in both *Verizon* and *Echostar*, there was effectively no ruling on the merits of the motion to
22 strike; rather, the motion to strike was rendered moot because of an amended complaint or
23 counterclaim.

24 In the instant case, Mr. Tiwari never sought to amend his defamation claim prior to the
25 Court's ruling on NBC's motion to strike. Nor did he ever seek to withdraw the defamation claim
26 prior to the Court's ruling on the motion to strike. Accordingly, even if the Court were to permit
27 Mr. Tiwari to file an amended complaint which would omit the defamation claim, that would not
28

automatically free Mr. Tiwari of any potential liability for attorney's fees and costs pursuant to California Code of Civil Procedure § 425.16(c).

For the foregoing reasons, the motion to reconsider is denied but the alternative motion for clarification is granted to the extent stated above.

This order disposes of Docket No. 113.

IT IS SO ORDERED.

Dated: November 23, 2011

_____
EDWARD M. CHEN
United States District Judge