# GIRARD GIBBS LLP
*Attorneys at Law*

601 California Street, 14th Floor
San Francisco, CA 94108-2819
Tel: 415.981.4800 | Fax: 415.981.4846
www.girardgibbs.com

711 Third Avenue, 20th Floor
New York, NY 10017-4036
Tel: 212.867.1712
Fax: 212.867.1767

April 3, 2012

**By Electronic Case Filing**

The Honorable Edward M. Chen
United States District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom 5
San Francisco, California 94102

      Re:    *Tiwari v NBCUniversal*, Case No. 3:08-03988-EMC – Discovery Letter Brief

Dear Judge Chen:

      Pursuant to the Court's discovery procedures, Plaintiff Anurag Tiwari and Defendant NBCUniversal Media, LLC submit this letter brief advising the Court of a discovery dispute.

      I.    The Nature of the Dispute

      Tiwari asserts a claim for violation of constitutional rights under 42 USC § 1983 arising from NBC's production, filming and broadcast of an August 2006 *Dateline NBC: To Catch a Predator* ("TCAP") in which Tiwari is featured, and for which Tiwari seeks emotional distress and other damages. Tiwari served initial discovery—5 interrogatories and 8 document requests—related to his complaint. This dispute involves three of the document requests: (1) Request No. 5, which seeks the unedited video and audio recordings captured by NBC; (2) Request No. 6, which seeks communications of NBC employees as to TCAP's fairness, accuracy or compliance with NBC News Policies and Guidelines, employee handbooks, manuals or policies; and (3) Request No. 8, which seeks copies of NBC News Policies and Guidelines, and employee handbooks, manuals or guidelines on conflicts of interest or fact checking, in effect from 2006 to 2010. NBC objects on several grounds, including relevance, undue burden and expense, and assertions of protections for trade secret, confidential or proprietary information. NBC also claims that constitutional and common law reporter's privilege precludes disclosure. The requests, and NBC's responses and objections, are excerpted in Attachment A hereto.

      II.    Mr. Tiwari's Position.

      NBC refused to provide any response to Tiwari's requests until after this Court had denied NBC's motion for protective order on October 25, 2011. Nearly 3 months later, on January 19, 2010, NBC served supplemental responses and objections, together with 89 pages of responsive documents. NBC's entire production consists of: (1) a 13-page production schedule for Petaluma TCAP (NBCU 39-52); the signed lease agreement for the Petaluma sting house (NBCU 86-89); one pre-production email (dated 8/7/2006) among NBC producer Lynn Keller, Petaluma Police Sergeant Matt Stapleton, and Perverted Justice's ("PJ") "Frag" (NBCU 33-37); an August 30, 2006 agreement on NBC letterhead engaging PJ as a consultant/expert for TCAP (NBCU 53-85); various post-production emails (dated 8/29/06 to 6/14/07) between Sergeant Stapleton and NBC's Keller (NBCU 1-32); and one post-production email (dated 11/11/07-11/13/07) between NBC and PJ staff concerning an actress/decoy who worked on TCAP (NBCU 38). There are no phone records. There are no communications between NBC, PJ and police regarding setup, production or recording of TCAP, other than the one email noted above. There are no receipts, no records of payments to consultants (such as PJ), and no budget, expense or accounting

records—even though the PJ consulting agreement has specific budget, expense, accounting and payment terms. NBC contends no other nonprivileged responsive documents—except those now in dispute—exist.

    1. <u>The unedited footage should be produced</u>. Tiwari seeks the raw, unedited film and audio recordings obtained by NBC for TCAP (previously, NBC produced edited footage of Tiwari only). The unedited footage, which is solely in NBC's possession and not available from other sources, is directly relevant to Plaintiff's claims and to NBC's defenses. To the extent it features Tiwari, it shows the specific conduct about which Plaintiff complains. Other film and audio obtained by NBC in production is relevant to show context, and to support Tiwari's claims that NBC's actions were part of a pattern and practice of willful participation in joint action with police. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (describing elements of joint action for § 1983 claims). This footage is especially relevant because NBC disclaims that communications, payments or other records regarding the planning or staging of TCAP with PJ or police exist. The footage is 5 years old, and is not protected from discovery as NBC's confidential/proprietary information or trade secret. *See Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal.App.4th 853 (Ct. App. 1994) (rejecting claim that traffic reporting is a trade secret). NBC will suffer no commercial disadvantage if it is produced. Tiwari is not a competitor; he seeks the discovery for a legitimate litigation purpose. The footage is not protected from disclosure by NBC's assertion of "reporter's privilege" under controlling law. *New York Times Co. v. Sup. Ct.*, 51 Cal. 3d 453 (Cal. 1990) ("…[W]e reiterate that the [California] shield law provides only an immunity from contempt, not a privilege."); *KSDO v. Sup. Ct.*, 136 Cal.App.3d 375, 380 (Ct.App. 1982) (media defendant may be compelled to disclose undisseminated material). While Tiwari understands the footage may be as much as 3 days of film or audio recordings, NBC will incur no undue burden or extraordinary expense in producing it. NBC claims no attorney-client or work product privilege for the unedited footage; thus, no attorney time is required for legal or privilege review. The footage can be produced to Plaintiff, in native format or on a production CD, relatively cheaply. Proportionality and reasonableness in discovery also favor Tiwari. NBC has served 62 document requests for, *inter alia*, Tiwari's college degrees and U.S. citizenship papers, in addition to "all DOCUMENTS that evidence, support, refer or relate to [his] claims, and each of them, against [NBC]." In contrast, Tiwari has served only 8 non-harassing document requests. Request No. 5 is narrowly tailored to seek evidence directly relevant to Plaintiff's case.

    2. <u>NBC's News Policies and Guidelines should be produced</u>. Request No. 8 asks that NBC produce the News Policies and Guidelines, and any handbooks, manuals or guidelines on conflicts of interest or fact checking, that were in effect in 2006 and 3 years thereafter. The materials are highly relevant to Plaintiff's § 1983 claim, to show that NBC's actions were extreme and outrageous. *See Carey v. Piphus*, 435 U.S. 247, 264, (1978) (mental distress caused by denial of procedural due process compensable under § 1983); *Conradt v. NBCUniversal, Inc.*, 478 F.Supp.2d 380, 397 (2008) (failure to abide by journalistic standards may be relevant to jury determination of whether NBC acted in a reckless and outrageous manner). NBC, in its production schedule for the episode, notified TCAP participants that their actions "must comply with NBC News Policies and Procedures." (*See, e.g.,* NBCU 46). What those policies and guidelines say, and whether NBC, PJ or police abided by them (as shown, for example, in the unedited film and audio footage requested) are relevant to Plaintiff's claims. Changes to the policies, to strengthen them or address improprieties in light of NBC's experience with TCAP, also are relevant. These policies/procedures are not NBC's trade secret or proprietary information as explained above. They do not reveal attorney mental impressions or advice; thus, no attorney-client or work-product privilege applies. NBC's assertion that the request is relevant only to Tiwari's dismissed defamation claim is wrong. Request No. 8 is directly relevant to Plaintiff's § 1983 claim and to damages under the law. *See* Third Am. Cmplt., ¶¶ 50-74; *see also Carey, Conradt, supra*; *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005); Mathew Bender, <u>Modern Federal Jury Instructions</u>, Forms 87-87, 87-88, 87-92.

    3. <u>Employee comments about TCAP's fairness, accuracy or compliance with NBC's News Policies and Guidelines should be produced</u>. Tiwari is aware that a former NBC employee and TCAP producer, Marsha Bartel, has alleged in a complaint filed in the Northern District of Illinois that NBC violated its own Policies and Guidelines as well as numerous journalistic ethical standards in staging, producing and filming of TCAP. Ms. Bartel alleges that, while employed as a TCAP producer in August

2006, she informed NBC producer, Lynn Keller, and other NBC executives, of her concerns. Ms. Bartel's case was dismissed at the pleading stage, and Plaintiff does not wish to revive her case here. However, documents concerning these and other complaints of NBC employees regarding TCAP's accuracy or fairness, or its compliance with NBC News Policies and Guidelines, are relevant to show that NBC had knowledge that its actions in the staging, set up, production and filming of TCAP violated NBC's corporate guidelines. Request No. 6 is relevant to show that NBC's actions were extreme and outrageous and undertaken with the intent and purpose of causing harm or emotional distress to Plaintiff. *See Carey, Conradt, Dang* and Model Federal Jury Instructions, *supra*. Employee complaints that NBC engaged in unethical behavior, or in a way that violates NBC's News Policies and Guidelines, are not trade secrets or propriety information. The complaints, themselves, do not reveal attorney impressions or legal advice; thus no attorney-client or work-product privilege applies. The request imposes no undue burden on NBC. To the extent a search for documents implicates legal advice or work-product, NBC can withhold that information and identify it on a privilege log as it has done for other requests.

      III.    <u>NBCUniversal's Position</u>.

<u>The unpublished footage of other individuals is privileged and is irrelevant to Plaintiff's 42 U.S.C. § 1983 claim</u>. NBCUniversal has objected to document request #5, which asks for all unpublished footage taken in Petaluma for the TCAP segment filmed there. **Plaintiff already has access to all footage taken of him (both edited and unedited) – which was disclosed to his criminal defense counsel years ago.** The remaining hundreds of hours of unpublished footage that he demands not only is privileged, but it involves footage taken from multiple cameras filming over multiple days that depicts ***nothing*** of Plaintiff's activities in Petaluma that led to his arrest, prosecution, and conviction.

Under controlling Ninth Circuit law, the First Amendment protects NBCUniversal against being compelled to disclose the unpublished footage that it acquired in the course of newsgathering for TCAP. *Shoen v. Shoen*, 5 F.3d 1289, 1293 (9th Cir. 1993) ("*Shoen I*"); *Shoen v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995) ("*Shoen II*"). The Ninth Circuit has imposed an onerous burden on any civil litigant who seeks to compel disclosure of information acquired through newsgathering. To overcome the reporter's privilege, the litigant must "show[] that the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) non-cumulative; and (3) clearly relevant to an important issue in the case. We note that there must be a showing of actual relevance; a showing of potential relevance will not suffice." *Shoen II*, 48 F.3d at 416. This test applies regardless of whether the media entity is a party to the lawsuit or not. *Condit v. Nat'l Enquirer*, 289 F. Supp. 2d 1175, 1180 (E.D. Cal. 2003) ("The cases do not find that the privilege goes away merely because a publisher is named in a civil action").

Plaintiff cannot meet this stringent test. As to the "clearly relevant to an important issue" factor, the rights of others who appear in the unpublished footage are not at issue in this litigation, which has been narrowed to include only Plaintiff's 42 U.S.C. § 1983 claim. The unpublished footage of others' arrests shows nothing about whether NBCUniversal engaged in joint action with law enforcement in Plaintiff's case or violated Plaintiff's constitutional rights. Plaintiff cannot even meet the FRCP 26(b)(1) standard for discovery – that the sought discovery "is relevant to ***any party's claim*** or defense." (Emphasis added.) If Plaintiff cannot meet the FRCP 26(b)(1) standard, then he obviously cannot meet the much more arduous First Amendment requirements that mandate that the information be "crucial to the case," *Zerilli v. Smith*, 656 F.2d 705, 713 (D.C. Cir. 1981), or that the subpoenaing party's case "virtually rises or falls" on its ability to discover the information sought. *In re Application to Quash Subpoena to NBC*, 79 F.3d 346, 351 (2d Cir. 1996) (party seeking outtakes, who claimed they were "likely to provide statements or admissions … concerning pivotal elements of [the case]" failed to make a clear and specific showing that the outtakes are critical and necessary to its defense).

Plaintiff also has not exhausted reasonable alternative sources for the information. The Ninth Circuit has stated that a party's failure to take depositions means that the party has failed to exhaust alternative sources and hence has failed to justify compelling the news organization to reveal unpublished information. *Shoen I*, 5 F.3d at 1296-1297. Here, Plaintiff has made no effort to depose any of the arrestees or law enforcement officers who were involved in the Petaluma arrests.

Even if Plaintiff could overcome the privilege and show that the sought footage is relevant, which it is not, Plaintiff seeks to impose an undue burden on NBCUniversal by requiring NBCUniversal to produce this unpublished footage, which runs for several hundred hours over multiple days. *See* FRCP 26(b)(2)(C)(iii). Because it would be extremely burdensome, expensive, and divert personnel who would otherwise be engaged in news operations to require the production of this unpublished footage, and because of the extraordinary additional legal review costs that reviewing that content would necessarily entail, NBCUniversal requests a full briefing and hearing schedule on the merits of this issue, as Plaintiff is seeking to invade NBCUniversal's constitutional rights even though he already has all published and unpublished footage pertaining to his arrest that is at issue in this case.

Plaintiff's documents requests (#6 and #8) for NBCUniversal policies and guidelines and communications about policies and guidelines related to "accuracy," "retractions/corrections," "fact-checking," and the like were propounded when Plaintiff's defamation and intentional infliction of emotional distress claims were still pending. In November 2011, the defamation claim was stricken from the Complaint under the fair and true report privilege, and Plaintiff voluntarily dismissed his IIED claim with prejudice. These requests are aimed at whether NBCUniversal produced and broadcast the Petaluma episode accurately or failed to retract allegedly incorrect statements, which are not relevant to Plaintiff's 42 U.S.C. § 1983 claim. Plaintiff attempts to read out of the requests the language plainly going to the dismissed claims, such as "retractions/corrections" and "fact-checking." *Conradt* did not discuss "extreme and outrageous conduct" and the other elements for a state law IIED claim in its discussion of the Conradt estate's 42 U.S.C. Section 1983 claim. Moreover, the discussion of "extreme and outrageous conduct" focused on NBCUniversal allegedly going to Plaintiff's own home with law enforcement and recording law enforcement's execution of an arrest warrant, during which Conradt committed suicide. *Id*, 536 F. Supp. 2d at 397. Nothing of the sort is at issue here.[1] Finally, the discussion of journalistic standards and policies occurred in *Conradt* in the discussion of the IIED claim, not in the discussion of the Section 1983 claim. *See id*. Plaintiff's efforts to import the "extreme and outrageous conduct" and other elements of a state-law IIED claim into a 42 U.S.C. § 1983 claim also are misplaced, as the elements of the dismissed state law claim are not at issue in the Section 1983 constitutional claim. *See Paul v. Davis*, 424 U.S. 693, 712 (1976); *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) ("[t]he civil rights statutes are not intended to federalize state tort law"). Plaintiff's claims about Marsha Bartel are particularly misleading, as Ms. Bartel did not participate in the production of TCAP-Petaluma, and her employment lawsuit that Plaintiff refers to was dismissed on a 12(b)(6) motion affirmed by the Seventh Circuit. *See Bartel v. NBCUniversal*, 543 F.3d 901 (7th Cir. 2008).

IV. Conclusion

The parties have conferred by letter and email, spoken by phone, and met in person on March 27, 2012 in an effort to resolve this dispute. Having reached an impasse, the parties request the Court's assistance with these issues.

Respectfully submitted,

| | |
|---|---|
| Davis Wright Tremaine LLP | Girard Gibbs LLP |
| Thomas R. Burke | Elizabeth C. Pritzker |
| Attorneys for NBCUniversal Media, LLC | Attorneys for Plaintiff Anurag Tiwari |

---

[1] The cases and Model Jury Instructions cited by Plaintiff say nothing about the use of policies and guidelines to show emotional distress. For example, *Carey v. Piphus*, 435 U.S. 247, 262 (1978), says simply that plaintiff must prove he suffered emotional distress and that it cannot be presumed. NBCUniversal's policies and guidelines and communications about policies and guidelines do not reveal anything about whether Plaintiff suffered emotional distress apart from the broadcast.

# Attachment A

## Excerpts of Document Requests and Responses in Dispute

Elizabeth C. Pritzker (SBN 146267)
Eric J. Lindstrom (SBN 272912)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: ecp@girardgibbs.com; ejl@girardgibbs.com

Attorneys for Plaintiff Anurag Tiwari

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANURAG TIWARI,<br><br>    Plaintiff,<br><br>v.<br><br>NBC UNIVERSAL, INC.,<br><br>    Defendant. | Case No. C-08-3988-EMC<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge:    Hon. Edward M. Chen |

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – 08-CV-3988-EMC

Perverted Justice Foundation, or (4) Mitchell Wagenberg, any other representative of the entity or organization referred to as "Streetvisions" in the credits of CATCH-PETALUMA, or any other third party vendor that provided audio-visual recording services.

**REQUEST NO. 3:**

All COMMUNICATIONS to and from Lynn Keller and other CATCH producers related to CATCH-PETALUMA.

**REQUEST NO. 4:**

All expenses, invoices, receipts, budgets, accountings, or other DOCUMENTS evidencing expenses incurred or paid as a result of YOUR production of CATCH-PETALUMA, including but not limited to expenses related to the home in Petaluma, California used for the operation, the trailer used for law enforcement interrogations, reimbursements for law enforcement expenses, video or audio recording services, and any salaries, reimbursements, or other consideration paid to NBC employees, independent contractors or other third parties.

**REQUEST NO. 5:**

All video and audio recordings captured in connection with CATCH-PETALUMA, whether or not included in any final production versions, and whether or not reflecting Plaintiff Anurag Tiwari's appearance.

**REQUEST NO. 6:**

All COMMUNICATIONS from Marsha Bartel or other NBC employees related to CATCH's fairness, accuracy, or compliance with NBC News Policies and Guidelines, or NBC's policies or guidelines relating to conflicts of interests, fact-checking, retractions/corrections, employee handbooks or training manuals.

**REQUEST NO. 7:**

All contracts and written agreements related to the production of any CATCH episodes filmed in 2005 or 2006, between or among (1) YOU, (2) Matthew Stapleton, Daniel Fish, or any other law enforcement officer, (3) Xavier Von Erck, Dennis Kerr, Alison Shea, or any other director, member, or representative of the Perverted Justice Foundation, or (4) Mitchell Wagenberg, any other representative of the entity or organization referred to as "Streetvisions" in the credits of CATCH-PETALUMA, or

any other third party vendor that provided audio-visual recording services in connection with CATCH and CATCH-PETALUMA.

**REQUEST NO. 8:**

All NBC News Policies and Guidelines, policies or guidelines relating to conflicts of interests, fact-checking, retractions/corrections, and all employee handbooks and training manuals prepared, used, maintained or in effect during the period January 1, 2006 through December 31, 2010.

Dated: July 14, 2011

**GIRARD GIBBS LLP**

By:   *Elizabeth C. Pritzker*
      Elizabeth C. Pritzker (SBN 146267)

Eric J. Lindstrom (SBN 272912)
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

Attorneys for Plaintiff Anurag Tiwari

THOMAS R. BURKE (CA State Bar No. 141930)
JEFF GLASSER (CA State Bar No. 252596)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
Email: thomasburke@dwt.com; jeffglasser@dwt.com

Attorneys for Defendant NBCUniversal Media, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANURAG TIWARI,<br><br>       Plaintiff,<br><br>v.<br><br>NBC UNIVERSAL, INC.,<br><br>       Defendant. | Case No. **C08-3988 EMC**<br>Assigned to the Hon. Edward M. Chen<br><br>**DEFENDANT NBCUNIVERSAL MEDIA, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:   Plaintiff Anurag Tiwari

RESPONDING PARTY:    Defendant NBCUniversal Media, LLC

SET NUMBER:          One

Defendant NBC Universal Media, LLC ("NBCUniversal") (formerly known as "NBC Universal, Inc."), pursuant to Federal Rules of Civil Procedure 26 and 34 and the general rules governing discovery, hereby responds to Plaintiff Anurag Tiwari's ("Tiwari") First Set of Requests for Production of Documents to Defendant NBC Universal, Inc.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All DOCUMENTS related to CATCH-PETALUMA, including producers' notes, crew assignment records, operation details, and any other written plans, notes, or memorandum.

ambiguous. NBCUniversal objects that "expenses related to the home in Petaluma, California used for the operation" is undefined and subject to interpretation, and therefore is vague and ambiguous. NBCUniversal objects that "trailer used for law enforcement interrogations" is undefined and subject to interpretation, and therefore is vague and ambiguous. NBCUniversal objects that "reimbursements for law enforcement expenses" is undefined and subject to interpretation, and therefore is vague and ambiguous. NBCUniversal objects that "reimbursements, or other consideration paid to" is undefined and subject to interpretation, and therefore is vague and ambiguous. NBCUniversal objects to the definition of "YOUR" on the grounds that "predecessors," "parent," "subsidiaries," "affiliates," "directors," "officers," "managing agents," "employees," and "anyone else acting on its behalf" is overly broad and vague. NBCUniversal objects to this Request for Production to the extent that it calls for the disclosure of irrelevant information. NBCUniversal objects to this Request for Production as duplicative of Requests 1, 2, 3, 7. NBCUniversal further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. NBCUniversal further objects to this request to the extent it seeks documents which contain confidential or proprietary business information and/or trade secrets.

Subject to and without waiving the foregoing objections and to the extent it understands this request, NBCUniversal responds that it will produce responsive documents, if any, for which no specific objection is made. Without in any way undertaking an obligation to do so, NBCUniversal reserves the right to alter, supplement, amend, or otherwise modify this Response in any way at any time.

**REQUEST NO. 5:**

All video and audio recordings captured in connection with CATCH-PETALUMA, whether or not included in any final production versions, and whether or not reflecting Plaintiff Anurag Tiwari's appearance.

**RESPONSE TO REQUEST NO. 5:**

1  NBCUniversal objects to this request on the grounds that it is objectionable as overly
2  broad, harassing, unduly burdensome, expensive and oppressive. NBCUniversal objects that
3  "captured in connection with" is undefined and subject to interpretation, and is therefore overly
4  broad and ambiguous. NBCUniversal objects that "whether or not included in any final
5  production versions" is undefined and subject to interpretation, and is therefore overly broad and
6  ambiguous. NBCUniversal objects to this Request for Production to the extent that it calls for the
7  disclosure of irrelevant information. NBCUniversal objects to this Request for Production as
8  duplicative of Requests 1, 2, 3. NBCUniversal objects to this Request For Production to the
9  extent that it calls for the disclosure of irrelevant information. NBCUniversal notes that
10 NBCUniversal already provided to Plaintiff's criminal counsel the To Catch A Predator video and
11 audio recordings involving Plaintiff. NBCUniversal further objects to this request to the extent it
12 seeks documents which contain confidential or proprietary business information and/or trade
13 secrets, including to the extent it seeks documents protected by the constitutional and common law
14 reporter's privilege.

15  Subject to and without waiving the foregoing objections and to the extent it understands
16 this request, NBCUniversal responds that it will produce responsive documents, if any, for which
17 no specific objection is made. Without in any way undertaking an obligation to do so,
18 NBCUniversal reserves the right to alter, supplement, amend, or otherwise modify this Response
19 in any way at any time.

**REQUEST NO. 6**:

All COMMUNICATIONS from Marsha Bartel or other NBC employees related to CATCH's fairness, accuracy, or compliance with NBC News Policies and Guidelines, or NBC's policies or guidelines relating to conflicts of interests, fact-checking, retractions/corrections, employee handbooks or training manuals.

**RESPONSE TO REQUEST NO. 6**:

NBCUniversal objects to this request on the grounds that it is objectionable as overly broad, harassing, unduly burdensome, expensive and oppressive. NBCUniversal objects that

1  "other NBC employees" is undefined and subject to interpretation, and is therefore overly broad
2  and ambiguous. NBCUniversal objects that "related to" is vague and ambiguous. NBCUniversal
3  objects that "fairness, accuracy, or compliance with NBC News Policies and Guidelines" is
4  undefined and subject to interpretation, and is therefore overly broad, vague, and ambiguous.
5  NBCUniversal objects that "NBC's policies or guidelines relating to conflicts of interests, fact-
6  checking, retraction/corrections, employee handbooks or training manuals" is undefined and
7  subject to interpretation, and is therefore overly broad and ambiguous. NBCUniversal objects to
8  this Request for Production to the extent that it calls for the disclosure of irrelevant information.
9  NBCUniversal objects to this Request for Production as duplicative of Requests 1, 2, 3, 4, 8.
10 NBCUniversal further objects to this request to the extent it seeks documents protected from
11 disclosure by the attorney-client privilege and/or attorney work product doctrine. NBCUniversal
12 further objects to this request to the extent it seeks documents which contain confidential or
13 proprietary business information and/or trade secrets, including to the extent it seeks documents
14 protected by the constitutional and common law reporter's privilege. NBCUniversal further
15 objects to this request to the extent it seeks documents related to Plaintiff's defamation claim,
16 which was stricken from the lawsuit in the Court's October 25, 2011 order.

17     Subject to and without waiving the foregoing objections and to the extent it understands
18 this request, NBCUniversal responds that it will produce responsive documents, if any, for which
19 no specific objection is made. Without in any way undertaking an obligation to do so,
20 NBCUniversal reserves the right to alter, supplement, amend, or otherwise modify this Response
21 in any way at any time.

23 **REQUEST NO. 7**:
24     All contracts and written agreements related to the production of any CATCH episodes
25 filmed in 2005 or 2006, between or among (1) YOU, (2) Matthew Stapleton, Daniel Fish, or any
26 other law enforcement officers, (3) Xavier Von Erck, Dennis Kerr, Alison Shea, or any other
27 director, member, or representative of the Perverted Justice Foundation, or (4) Mitchell
28 Wagenberg, any other representative of the entity or organization referred to as "Streetvisions" in

7

the credits of CATCH-PETALUMA, or any other third party vendor that provided audio-visual recording services in connection with CATCH and CATCH-PETALUMA.

**RESPONSE TO REQUEST NO. 7**:

NBCUniversal objects to this request on the grounds that it is objectionable as overly broad, harassing, unduly burdensome, expensive and oppressive. NBCUniversal objects that "written agreements" is undefined and subject to interpretation, and is therefore vague and ambiguous. NBCUniversal objects that "related to the production" is vague and ambiguous. NBCUniversal objects that "other law enforcement officers," "director, member or representative of the Perverted Justice Foundation," "any other representative of the entity or organization referred to as 'Streetvisions,' and 'any other third party vendor" are undefined and subject to interpretation, and are therefore overly broad and ambiguous. NBCUniversal objects to the definition of "YOU" on the grounds that "predecessors," "parent," "subsidiaries," "affiliates," "directors," "officers," "managing agents," "employees," and "anyone else acting on its behalf" is overly broad and vague. NBCUniversal objects to this Request for Production to the extent that it calls for the disclosure of irrelevant information. NBCUniversal objects to this Request for Production as duplicative of Requests 1, 2, 3, 4, 8. NBCUniversal further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. NBCUniversal further objects to this request to the extent it seeks documents which contain confidential or proprietary business information and/or trade secrets.

Subject to and without waiving the foregoing objections and to the extent it understands this request, NBCUniversal responds that it will produce responsive documents, if any, for which no specific objection is made. Without in any way undertaking an obligation to do so, NBCUniversal reserves the right to alter, supplement, amend, or otherwise modify this Response in any way at any time.

**REQUEST NO. 8**:

All NBC News Policies and Guidelines, policies or guidelines relating to conflicts of interests, fact-checking, retractions/corrections, and all employee handbooks and training manuals

8

Defendant NBCUNIVERSAL's Supplemental Response to First Set of Requests for Documents
C08-3988 EMC
DWT 17658960v2 0020040-000084

1 | prepared, used, maintained or in effect during the period January 1, 2006 through December 31,
2 | 2010.

3 | **RESPONSE TO REQUEST NO. 8**:

4 | NBCUniversal objects to this request on the grounds that it is objectionable as overly broad, harassing, unduly burdensome, expensive and oppressive. NBCUniversal objects that "All NBC News Policies and Guidelines" is undefined and subject to interpretation, and is therefore overly broad and ambiguous. NBCUniversal objects that "relating to" is vague and ambiguous. NBCUniversal objects that "fact-checking, retractions/corrections, and all employee handbooks and training manuals prepared, used, maintained or in effect" is undefined and subject to interpretation, and is therefore overly broad and ambiguous. NBCUniversal objects to this Request for Production to the extent that it calls for the disclosure of irrelevant information. NBCUniversal objects to this Request for Production as duplicative of Requests 1, 2, 6. NBCUniversal further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. NBCUniversal further objects to this request to the extent it seeks documents which contain confidential or proprietary business information and/or trade secrets. NBCUniversal further objects to this request to the extent it seeks documents related to Plaintiff's defamation claim, which was stricken from the lawsuit in the Court's October 25, 2011 order.

Subject to and without waiving the foregoing objections and to the extent it understands this request, NBCUniversal responds that it will produce responsive documents, if any, for which no specific objection is made. Without in any way undertaking an obligation to do so, NBCUniversal reserves the right to alter, supplement, amend, or otherwise modify this Response in any way at any time.

DATED this 19th day of January 2012.

DAVIS WRIGHT TREMAINE LLP

By: /s/ Thomas R. Burke
THOMAS R. BURKE
Attorneys for Defendant
NBCUniversal Media, LLC